# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTONIO HARPER,

    Plaintiff,

v.

SERGEANT JUDD, et al.,

    Defendants.

Case No. 3:15-cv-00416-RCJ-WGC

**Order**

## I. DISCUSSION

Plaintiff, a former inmate of the Nevada Department of Corrections ("NDOC"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 7). On March 31, 2016, the Court vacated the portion of its initial screening order granting Plaintiff's application to proceed *in forma pauperis* for prisoners and denied Plaintiff's application to proceed *in forma pauperis* for prisoners as moot. (ECF No. 9 at 2:17-20). The Court then ordered that "within thirty (30) days from the date of the order, Plaintiff shall either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $400.00." (*Id.* at 2:27-3:2). The thirty-day period has now expired, and Plaintiff

has not filed a fully complete application to proceed *in forma pauperis*, paid the full filing fee of $400.00, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases

on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." (ECF No. 9 at 3:3-4). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00.

## II.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that this action is dismissed without prejudice based on Plaintiff's failure to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 in compliance with the Court's March 31, 2016 order.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly.

DATED: This 7th day of June, 2016.

_____
United States District Judge